FRANCISCO CARABALLO, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 25.  Argued December 29, 1937.—Decided May 13, 1938.

*R* Soltero Peralta for appellant.  B. Fernández García, Attorney General, E. de Aldrey, Assistant Attorney General, and Luis Negrón Fernández, for the State Insurance Fund.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

By the present appeal, brought by the injured workman, it is sought to review an order of the Industrial Commission. The facts, as stated by the commission, are as follows:

Francisco Caraballo, a laborer, was engaged in the cutting of cane for his employer Hill Bros., and while thus engaged about March 21, 1937, he was wounded in his right hand with a machete by Tomás Rivera who was also working for Hill Bros., whose occupation consisted in carrying water to the laborers engaged in cutting cane, the injured laborer being one of them.  Tomás Rivera went to fetch the water for the laborers to drink and when he appeared at the place of work about 8:30 or 9 a. m. Francisco Caraballo, the injured party, approached him and asked for water. Tomás Rivera refused to give him water and pushed him to

prevent him from taking it. Upon Caraballo insisting that he be given water, Rivera tried to push him again and instantly Caraballo, while maneuvering to defend himself, scratched the hand of Rivera with his machete. Rivera at the time was not carrying any machete, but just as overseer Antero Torres came up for the purpose of putting an end to the quarrel, Rivera snatched the machete which the overseer was carrying and the latter on being disarmed told them to go to work, if not they would be dismissed. Francisco Caraballo, having first helped himself to water, moved in the direction to where he had been cutting cane to resume work and just as he was going to take up his work again, Tomás Rivera approached him from behind with the machete he was still carrying and struck his right hand with the machete, inflicting a serious wound for which he was treated in the Clínica Industrial.

The question involved is whether such accident is compensable. Section 2 of Act No. 45 of 1935, known as Workmen's Accident Compensation Act (Session Laws of 1935, p. 250), provides as follows:

"Section 2.—The provisions of this Act shall be applicable to all such workmen and employees working for the employers to whom the following paragraph refers, as suffer injury, are disabled, or lose their lives by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment, and as a consequence thereof; or such as suffer disease or death caused by the occupations specified in the following section. Workmen and employees engaged in domestic service and those whose work is casual and is not included in the business, industry, profession, or occupation of such employer, and also such persons as work in their homes, are expressly excepted."

Section 4 provides as follows:

"Accidents occurring under the following circumstances are not compensable labor accidents, and, therefore, shall not entitle a workman or employee, or his heirs, to compensation under this Act:

"*     *     *     *     *     *     *

"3. When the injury is caused to the workman or employee by the criminal act of a third person."

In support of his contention that the accident is compensable, the appellant workman cites the case of *Montaner v. Commission,* 50 P.R.R. 601, in which we held that subdivision 3 of section 4, *supra,* is not applicable to "those cases in which the workman is incapacitated, is injured, or dies in the discharge of work or employment the distinctive characteristic of which is the exposure of the employee .to the possibility and probability of being injured by the criminal act of a third person." We do not think that the doctrine laid down in said case could be invoked as an authority for the determination of the case at bar. The facts in the two cases are so different that they can not possibly be decided by the same rule.

In *Montaner v. Commission, supra,* the injured workman was a watchman of the properties of his employer and one of his duties was to prevent the theft of stone from the quarry in one of such properties. In the course of his employment and in the performance of the functions inherent in his work as a watchman, he was compelled to eject from the property a man whom he had found in the act of stealing stones from the quarry, and he was assaulted by the man in question with the result that one of his hands was severed. In applying the law to the facts of the case we expressed ourselves as follows:

". . . The act of ejecting Santiago Ruiz from the farm where he was trespassing, was an 'act or function inherent' in the work or employment which Monge discharged; and the accident in which the latter lost his hand occurred in the course of such employment and as a consequence thereof. We do not think that the intention of the legislator was to exclude from the benefits of the act workmen who are charged with preventing ,criminal acts against the property of the employer and are injured or lose their lives as a consequence of the discharge of those duties."

And we added:

"The exception established in subdivision 3 of section 4, *supra,* refers to injuries caused by the criminal act of a third person, in work or employment in which such risk is not the natural or probable consequence, or in which such risk is not an inherent characteristic of the same."

The situation presented in the case at bar is entirely different from that in *Montaner* v. *Commission, supra.* In trying to take water against the refusal of the water carrier, Francisco Caraballo was not performing an act or function inherent in his work. The accident in which he was wounded was not the result of acts or functions in connection with the duty of cutting canes, nor was it a direct consequence of such work. It merely originated in a personal incident provoked by the wounded person himself, the appellant, when trying to overcome the resistance of the water carrier and wounding him with his machete. The work of cutting canes does not entail the distinctive characteristic of exposing the person engaged therein to the possibility and probability of being wounded as the result of the criminal act of a third party.

It was not error for the Industrial Commission to find that the accident is not compensable, since the same is covered by the exception contained in subdivision 3 of section 4 of the Workmen's Accident Compensation Act.

The decision appealed from must be affirmed.